UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ELWOOD C. JORDAN, JR.,
                      Plaintiff,                  Civil Action No.

-against-                                        COMPLAINT

PORTFOLIO RECOVERY ASSOCIATES, LLC,

                      Defendant.

## I.   INTRODUCTION

1.   This is an action for damages brought by an individual consumer for the violation by Defendant Portfolio Recovery Associates, LLC of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  The debt sought to be collected by Portfolio Recovery Associates, LLC was an alleged consumer credit debt of Elwood C. Jordan, Jr. to pay money arising out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes.

## II.   JURISDICTION AND VENUE

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.  Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III.   PARTIES

3.   Plaintiff Elwood C. Jordan, Jr. (hereinafter called "Jordan") is a natural person residing in the County of Monroe at 172 Palmer Road, Churchville, New York

14428.

4.	Upon information and belief, Defendant, Portfolio Recovery Associates, LLC (hereinafter called "Portfolio"), is a foreign limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

5.	Portfolio is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and/or Portfolio itself as a result of the purchase of consumer credit debt already in default at the time of purchase.  Upon information and belief, Portfolio purchased the consumer credit debt alleged to be owed by Jordan after it was already in default.

6.	Jordan qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

**IV.	FACTUAL ALLEGATIONS**

7.	Portfolio commenced a lawsuit against Jordan in Rochester City Court, County of Monroe, State of New York, within the past year by service of a Summons and Complaint filed in the Rochester City Court Clerk's Office in May of 2014, entitled *Portfolio Recovery Associates, LLC v. Jordan*, CV-4931-14/RO.  The Rochester City Court action was for the purpose of collecting consumer credit debt allegedly owed by Jordan to Portfolio.  The consumer credit debt was allegedly purchased by Portfolio from

account seller HSBC BANK NEVADA, N.A./CAPITAL ONE BANK (USA), N.A./ORCHARD BANK.  The Complaint alleged that Jordan resided at 172 Palmer Road, Churchville, New York 14428, which is in the Town of Riga, County of Monroe.

8. Subsequent to the service of the Summons and Complaint, Jordan served a motion to dismiss the Complaint on the grounds that Rochester City Court lacked jurisdiction.

9. Specifically, pursuant to N.Y. Uniform City Court Act § 213, in an action described in N.Y. Uniform City Court Act § 202 [for the recovery of money], a plaintiff or defendant must "be a resident of the city or of a town contiguous to such city" by land to be properly brought in the City Court of that City.  Uniform City Court Act § 1002(b) provides that an "objection based upon § 213(a) of this act, relative to residence or business within the city, shall be treated, for purposes of this section and N.Y. CPLR 3211, as if it were an objection under N.Y. CPLR Rule 3211(a)(8), relative to the court's jurisdiction of the person of the defendant."

10. Jordan's residence address was in the Town of Riga, County of Monroe, State of New York, which is not contiguous to the City of Rochester, New York.

11. At a motion term of Rochester City Court held on August 28, 2014, the Hon. Thomas Rainbow Morse, Rochester City Court Judge, granted Jordan's motion to dismiss the the Complaint based on Rochester City Court's lack of jurisdiction.

### V.  CLAIM FOR RELIEF

12. Jordan repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

13. By bringing the collection Complaint against Jordan in Rochester City Court,

3

despite the fact that Jordan did not reside in the City of Rochester or a town contiguous by land to the City of Rochester, as required under New York law, Portfolio violated 15 U.S.C. § 1692i(a), which states in relevant part in regard to Venue as follows:

> Any debt collector who brings any legal action on a debt against any consumer shall —
> . . .
> (2) . . . bring such action only in the judicial district or similar legal entity —
>   (A) in which such consumer signed the contract sued upon; or
>   (B) in which such consumer resides at the commencement of the action.

14. Jordan is responsible for attorney fees for defending the Rochester City Court action in the amount of $750.

15. As a result of Portfolio's violation of 15 U.S.C. § 1692i, Jordan is entitled to actual damages (including but not limited to attorney fees in obtaining a dismissal of the collection action in Rochester City Court), statutory damages, attorney fees for this FDCPA action, and costs and disbursements of this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Portfolio awarding Jordan actual damages (including but not limited to attorney fees in the amount of $750 for defending the Rochester City Court action), statutory damages, attorney fees in prosecuting the FDCPA action, costs and disbursements of this action, and such other and further relief as may be deemed just and proper.

Dated: November 14, 2014

Respectfully submitted,

s/David M. Kaplan
David M. Kaplan
Attorney for Plaintiff
2129 Five Mile Line Road
Penfield, NY 14526
585-330-2222
dmkaplan@rochester.rr.com